## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHAYLA WEARY**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 21-2263**

**WAL-MART LOUISIANA, LLC et al.**                  **SECTION: "G"(5)**

## ORDER

Defendants Wal-Mart Louisiana, LLC and Wal-Mart Inc. ("Defendants") removed this action from the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Finding that the notice of removal lacked sufficient information to support subject matter jurisdiction, the Court ordered Defendants to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal.[2] In response to the Court's order, Defendants filed a "Memorandum in Support of Federal Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a)" (the "Response").[3] Having considered the notice of removal, the Response, and the applicable law, the Court finds that Defendants have not established that the Court has subject matter jurisdiction over this matter. Accordingly, this case is hereby remanded to the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

## I. Background

This personal injury action arises out of an alleged slip and fall in a Wal-Mart located in

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 8.

[3] Rec. Doc. 11.

1

Hammond, Louisiana.[4] Plaintiff originally filed this action against Defendants in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.[5] Defendants removed the action to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[6] On December 14, 2021, the Court found that the notice of removal lacked sufficient information to support subject matter jurisdiction, and the Court ordered Defendants to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal.[7] On December 27, 2021, Defendants filed the Response.[8]

## II. Legal Standard

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[9] The removing party bears the burden of demonstrating that federal jurisdiction exists.[10] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[11]

The Supreme Court has stated, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."[12] Thus, if a plaintiff claims

---

[4] Rec. Doc. 1 at 1–2.

[5] Rec. Doc. 1-1.

[6] Rec. Doc. 1.

[7] Rec. Doc. 8.

[8] Rec. Doc. 11.

[9] *See* 28 U.S.C. § 1441(a).

[10] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[11] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[12] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

that he is seeking a sum less than $75,000, the burden is on the defendant to show that the plaintiff's claim was not made in good faith for the purpose of establishing that jurisdiction is proper in federal court.[13]

Likewise, under Fifth Circuit law, when the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[14] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[15] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[16]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[17] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[18] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[19] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-

---

[13] *Id.*

[14] *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289).

[15] *Id.*

[16] *Id.*

[17] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[18] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[19] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

petition affidavits are allowable only if relevant to that period of time."[20]

### III. Analysis

In the Response, Defendants assert that Plaintiff's medical costs will "likely well exceed $59,232.00."[21] Defendants do not provide any explanation about where this dollar amount came from, nor do they include any attachments or exhibits to support this figure. The only information that Defendants point to directly is Plaintiff's response to an interrogatory "that she has incurred medical expenses in the amount of $15,768.00."[22] This is plainly insufficient to satisfy the amount in controversy requirement.

Defendants then cite to various cases to support the proposition that general damage awards in cases that involve the types of procedures at issue here exceed the $75,000 threshold.[23] All of the cases cited by Defendants are from Louisiana state courts and are not binding upon this Court.[24] Moreover, Defendants' speculation of general damages that Plaintiff *could* recover is insufficient to establish subject matter jurisdiction.[25]

The burden on removing Defendants "to produce information" that the amount in controversy exceeds $75,000 is an "affirmative" one.[26] Moreover, the Fifth Circuit has made clear that Plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [a defendant] of

---

[20] *Allen*, 63 F.3d at 1335.

[21] Rec. Doc. 11 at 2.

[22] *Id.*

[23] *Id.* at 2–3.

[24] *Id.*

[25] *Lee v. Standard Fire Ins. Co.*, No. 17-1088, 2017 WL 2983234, at *4 (E.D. La. July 7, 2017) (Brown, J.) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[26] *Simon*, 193 F.3d at 851 (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000." (internal citation and quotation marks omitted)).

[its] burden to support federal jurisdiction at the time of removal."[27] Accordingly, the Court finds that Defendants have not provided sufficient evidence that the amount in controversy is satisfied in this case.

### IV. Conclusion

For the reasons stated above, Defendants have not met their burden of establishing that the actual amount in controversy exceeds $75,000. Thus, it appears that based on the facts and evidence available at the time of removal, this Court lacks subject matter jurisdiction over this action. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this  29th day of December, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[27] *Id.*